
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHUAN WU PANG, | No. 13-74096 |
| Petitioner, | Agency No. A095-627-709 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 6, 2016[**]
Pasadena, California

Before: TASHIMA, SILVERMAN, and GRABER, Circuit Judges.

Petitioner Chuan Wu Pang seeks review of the Board of Immigration

Appeals' ("BIA") denial of his claims for withholding of removal and relief under

the Convention Against Torture ("CAT"), as well as the BIA's determination that

Petitioner did not suffer a due process violation. We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

1. Substantial evidence supports the BIA's finding that Petitioner failed to establish a clear probability of persecution if removed to China. See Bromfield v. Mukasey, 543 F.3d 1071, 1076 (9th Cir. 2008) (noting that we review factual findings for substantial evidence). Petitioner testified that he had not suffered any harm when he lived in China before arriving in the United States. Reports and articles in the record state that "private, consensual same sex activities between adults" are not unlawful in China; that the government decriminalized homosexuality six years before the United States repealed sodomy laws in all states; and that most people in China "acknowledge that the government has made great improvements over the years and . . . will eventually adopt a positive stance toward homosexuality." Similarly, the record shows that Chinese employment regulations make it unlawful to discriminate against persons carrying infectious diseases; that it is common practice for individuals with HIV/AIDS to receive medical attention from specialty hospitals; and that localities have improved the way they deal with HIV/AIDS prevention, care, and treatment in recent years. Although some instances of discrimination against homosexuals and individuals with HIV/AIDS occur, the record does not compel a reversal of the BIA's finding.

2. Substantial evidence also supports the BIA's determination that Petitioner failed to establish that it is more likely than not that he would be tortured by or at

the acquiescence of the Chinese government if removed to China. The same evidence supporting the BIA's findings on withholding removal also supports this finding.

3. Lastly, Petitioner raised no credible argument that he suffered a due process violation during his removal hearings. See Perez-Lastor v. INS, 208 F.3d 773, 777 (9th Cir. 2000) ("We review de novo claims of due process violations in deportation proceedings."). Petitioner failed to explain how a continuance would have allowed him to establish his claims. The record shows no evidence that the immigration judge was biased against Petitioner or failed to develop the record fully. Rather, the immigration judge made efforts to look for alternative avenues through which Petitioner could potentially obtain relief, such as exploring the possibility of derivative asylum and giving Petitioner the opportunity to present any evidence he had that showed a potential for future harm.

**Petition DENIED.**